

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*

412/644-3500

April 15, 2020

Stephen Turano, Esquire
Law Offices of Stephen Turano
60 Park Place, Suite 703
Newark, NJ 07052

Re:   United States of America v.
      Roman Shaulov
      Criminal No. 17-335

Dear Mr. Turano:

This letter sets forth the agreement by which your client, Roman Shaulov, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Roman Shaulov and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Roman Shaulov will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Roman Shaulov, agrees to the following:

        1.    He will enter a plea of guilty to Count One of the Indictment at Criminal No. 17-335, charging him with violating 18 U.S.C. § 1349, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A, and 3664, to the victims and/or other

**LIMITED OFFICIAL USE**

Page 2

      persons or parties authorized by law in such amounts as the Court shall direct.

3. The United States of America and the defendant hereby agree that all of the computers, computer media and computer peripherals, seized from entities controlled by the defendant, and currently in the custody and/or control of the government, were properly seized and were involved in or used in violation of Federal law by the defendant. The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As such, the defendant hereby relinquishes all claim, title and interest he has in the above stated property to the United States of America and agrees not to oppose any civil, administrative or judicial forfeiture of the property. The defendant knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983.

4. At the time Roman Shaulov enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. Roman Shaulov waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Roman Shaulov may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Roman Shaulov may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

Page 3

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Roman Shaulov in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Roman Shaulov and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Roman Shaulov is:

   (a) A term of imprisonment of not more than thirty years;

   (b) A fine of $1,000,000;

   (c) A term of supervised release not to exceed five years; and

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

   Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, defendant is not eligible for a sentence of probation.

2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3. The parties stipulate that the loss amount for the purposes of calculating the loss amount under the Sentencing Guidelines is between $550,000 and $1,500,000. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties

from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

4. The parties agree that under § 2B1.1(a)(1) of the Sentencing Guidelines, the base offense level is 7. The parties further agree that the base offense level of 7 should be raised by 18 levels under §§ 2B1.1(b)(1)(H), 2B1.1(b)(2)(A)(ii), and 2B1.1(b)(10)(c) of the Guidelines.

5. The parties further agree that the adjusted base offense level should be raised by a total of two levels under section 3B1.1 (Aggravating Role) of the Guidelines.

6. The parties also agree that the adjusted base offense level should be lowered by three levels under section 3E1.1 (Acceptance of Responsibility) of the Guidelines.

7. Thus, the parties agree that Roman Shaulov's overall offense level under the Sentencing Guidelines is 24. This agreement does not preclude either party from seeking a sentence outside of the advisory Sentencing Guidelines range.

8. This agreement does not preclude the government from pursuing any civil or administrative remedies against Roman Shaulov or his property.

9. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Roman Shaulov and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Scott Brady*

SCOTT W. BRADY
United States Attorney

Page 5

I have received this letter from my attorney, Stephen Turano, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
ROMAN SHAULOV

8/3/20
Date

Witnessed by:

_____
STEPHEN TURANO, ESQUIRE
Counsel for Roman Shaulov